UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENDRA SWAIN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. CV-11-3034-CI<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS |

BEFORE THE COURT are cross-Motions for Summary Judgment. ECF No. 21, 23. Attorney D. James Tree represents Kendra Yvette Swain (Plaintiff); Special Assistant United States Attorney Stephanie Lynn F. Kiley represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed for Supplemental Security Income (SSI) on September 12, 2006. Tr. 108. She alleged disability due to a sleep disorder, diabetes, and depression with an amended onset date of September 1, 2006. Tr. 87, 112. Benefits were denied initially and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 1

on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on March 27, 2009. Tr. 25-44. Plaintiff, who was represented by counsel, appeared and testified at the hearing. In addition, vocational expert Daniel R. McKinney attended in person and testified. The ALJ denied benefits on April 14, 2009, and the Appeals Council denied review. Tr. 1-5, 11-24. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 3

**STATEMENT OF THE CASE**

At the time of the hearing, Plaintiff was 28 years old, unmarried, with a one and a half year old son with whom she lived. Tr. 34. She testified her son is in daycare most of the day. Tr. 35, 38. Plaintiff reported she graduated from high school, and had work experience as a childcare worker, a fast food worker and a dishwasher. Tr. 32, 40, 93, 97. She testified she had problems staying awake when she was in school and got into trouble for falling asleep in class. Tr. 32. Over the years she has been diagnosed with sleep apnea and idiopathic hypersomnia, but she testified the diagnosis is unclear. Tr. 37, 173, 175. She reported to the ALJ that she was scheduled for another sleep study later that month. Tr. 34, 37. Her medical providers indicated her daytime sleep problems are complicated by her morbid obesity. Tr. 177. Plaintiff testified her attempts at employment were unsuccessful because she would fall asleep on her break at work, miss part of the work day, and lose the job. Tr. 32.

**ADMINISTRATIVE DECISION**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 1, 2006. At step two, he found she has the severe impairment of idiopathic hypersomnia and non severe impairments of diabetes mellitus II and major depression. Tr. 16-17. At step three, the ALJ found Plaintiff's impairments, alone and in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). At step four, the ALJ determined Plaintiff has the

residual functional capacity (RFC) to perform a full range of medium work, and should "avoid climbing ladders, ropes or scaffolds and moderate exposure to hazardous machinery or heights." Tr. 17.

In his step four findings, the ALJ summarized Plaintiff's testimony, made credibility findings, and concluded Plaintiff's statements regarding the severity of her symptoms were not credible to the extent they were inconsistent with the RFC findings. Tr. 17-19. Based on VE testimony and the record, the ALJ concluded Plaintiff could perform her past work, all of which was performed at a medium exertional level or less. Tr. 20. In the alternative, assuming Plaintiff's past work was not performed at the substantial gainful activity level, the ALJ made step five findings and concluded Plaintiff could perform past work, which exists in significant numbers in the national economy. The ALJ determined Plaintiff was not disabled, as defined by the Social Security Act, from September 1, 2006, through the date of her final decision. Tr. 20-21.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when: (1) he did not include depression and obesity as severe impairments at step two; (2) he improperly rejected the opinions of her treating and examining medical providers; (3) he improperly rejected her subjective complaints; and (4) he erroneously denied her claim at steps four and five. ECF No. 22. Defendant responds the ALJ's decision is supported by substantial evidence and free of harmful legal error. ECF No. 24.

**DISCUSSION**

**A.   Step Two - Medically Determinable Impairments**

Plaintiff argues the ALJ erred when he excluded diagnosed depression and obesity as severe impairments at step two. ECF No. 22 at 10-12.[1] Defendant responds that, even if the omission of these impairments were error, it is harmless because the ALJ found one severe impairment and continued the sequential evaluation through step five. ECF No. 24 at 7.

To establish severity at step two, a claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1508, 416.908; *Taylor v. Heckler*, 765 F.2d 872, 876 (9th Cir. 1985). In addition, the medically determinable impairment must significantly limit a claimant's ability to do "basic work

---

[1] Plaintiff argues the ALJ erroneously found Plaintiff's depression and obesity "as groundless". ECF No. 22 at 9. This is a misstatement of the Commissioner's analysis and findings. Independent review shows the ALJ's step two findings do not include reference to "groundless complaints." *See* Tr. 16-17. Rather, at step two the ALJ referenced other medical conditions discussed in the record and found they "have not been shown to have posed more than a minimal limitation on the claimant's ability to perform work-related activities and, therefore, do not constitute 'severe' impairments," *i.e.*, they did not meet the regulatory definition of "severe" for purposes of social security disability benefits. Tr. 17. There is no mention of Plaintiff's claims as "groundless."

activities" and must have lasted or be expected to last for a continuos period of at least twelve months to be considered severe. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Social Security Ruling* (*SSR*) 85-28.[2] Objective medical evidence alone is evaluated in assessing severity. *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." *Id.* Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.* Even if an impairment is considered non-severe, in determining a claimant's residual functional capacity, the ALJ must consider the limiting effects of all of the claimant's impairments. 20 C.F.R. § 416.945(e); Social Security Ruling (*SSR*) 96-8P.

**1.   Depression and the ALJ's Duty to Develop the Record**

Here, the ALJ found Plaintiff was evaluated by a mental health worker in February 2007, after being referred by a sleep disorder specialist. He noted evidence that Plaintiff had received anger

---

[2] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in *SSR* 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-154 (1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 7

management training, but there was no evidence of mental health treatment or psychiatric/psychological care. Tr. 16-17.  Based on a February 1, 2007, "Case Analysis" by reviewing psychologist, Mary A. Gentile, Ph.D., the ALJ found no medically determinable mental impairment.  Tr. 17, 194.[3]

In her one paragraph analysis of the evidence, Dr. Gentile noted that medical records showed neither diagnosis of nor medication for depression.  Tr. 194.  She also relied on Plaintiff's statement that she had never been treated for depression.  However, independent review shows the record includes a mental health assessment by Christopher Clark, M.Ed., Licensed Mental Health Counselor, dated after Dr. Gentile's review (February 23, 2009). Based on screening tools and a face-to-face interview, Mr. Clark assessed major depression, recurrent and severe.  He noted Plaintiff was unfamiliar with psychotherapy and recommended follow- treatment. Tr. 215-218.  Dr. Gentile could not have reviewed these results; therefore, she was unable to factor the mental health specialist's observations and screening results regarding Plaintiff's mental state in her analysis.

Although Mr. Clark is not an acceptable medical source

---

[3] The record before the ALJ also includes a mental RFC Assessment by treating physician Ahmed Tarique, M.D., dated October 13, 2008, in which he opined Plaintiff generally was "not significantly limited" with severe mild limitations in her mental functioning due to "idiopathic hypersomnolence."  Tr. 211-212. There is no evidence that Dr. Tarique is qualified or attempted to assess limitations due to depression.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 8

qualified to establish a medically determinable impairment, the Commissioner's regulations and policy ruling recognize the importance of other medical source opinions in evaluating disability claims. 20 C.F.R. § 416.913(d); *SSR* 06-03p. Evidence from "other sources" must be evaluated by considering the factors relevant in evaluating an acceptable medical source. *Id.* As noted by the Commissioner, these medical "other source" opinions are "important and should be evaluated on key issues such as impairment severity and functional effects." *Id.*[4] Regarding Mr. Clark's assessment of major depression (recurrent, severe), the report indicates Plaintiff was referred for a mental health evaluation by her sleep specialist. Tr. 215. Unlike Dr. Gentile, Mr. Clark had a face-to-face interview with Plaintiff, in which Plaintiff reported childhood trauma, self-mutilation, and recent incarceration for assault. In addition, as a trained examining professional, he was able to observe Plaintiff's depressed mood, affect, and anxiety. *Id.*

Although Mr. Clark's assessment does not establish a medically determinable mental impairment for step two purposes, his findings conflict with Dr. Gentile's one paragraph, non-examining functional assessment that did not take into consideration the entire record,

---

[4] In his 2006 policy ruling, the Commissioner specifically advises that:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources, such as . . . licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by . . . psychologists."

*SSR* 06-03p at *3.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 9

or Mr. Clark's recommendation that Plaintiff receive a psychiatric evaluation to obtain a differentiated diagnosis and pharmacotherapy options to relieve her symptoms. Tr. 216. As such, Mr. Clark's report establishes the need to develop further the medical record to determine if a diagnosis exists that, in combination, with Plaintiff's other impairments, would cause mental functional limitations. *See Webb*, 433 F.3d at 687; *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Considering the relevant factors, the weight given Dr. Gentile's non-examining opinion by the ALJ is not supported by substantial evidence. *See SSR* 06-3p (factors for considering opinion evidence).

The record in this case is inconclusive regarding the diagnosis and severity of Plaintiff's alleged depression. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). The ALJ's failure to address the conflicting medical evidence creates an ambiguity that requires remand for further development of the record and a psychiatric evaluation as recommended by Mr. Clark. 20 C.F.R. § 416.945 (a)(3); *Webb,* 433 F.3d at 687; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).[5]

---

[5] In making this finding, the court is mindful of the ALJ's duty, even if a claimant is represented by counsel, to "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Vidal v. Harris*, 637 F.2d 711, 713 (9th Cir. 1981)(*citing*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 10

### 2. Obesity

Although the record indicates Plaintiff was assessed consistently by medical providers as "morbidly obese," the ALJ made no mention of this medically determinable impairment (severe or non-severe). *See* Tr. 16-17, 165, 167, 192, 206, 213, 219. Obesity cannot be the sole basis for a finding of disability; however it can constitute the equivalent of a Listing in combination with other established impairments. Further, even if obesity were determined to be a "non-severe" impairment, it must be considered in combination with other impairments throughout the sequential evaluation process. 20 C.F.R. § 416.945(e); *see also SSR* 96-8P.

The Commissioner has formally recognized that obesity will constitute a severe impairment when "it significantly limits an individual's physical or mental ability to do basic work activities . . . ." *SSR* 02-1p. The Commissioner advises that "in determining whether a claimant's obesity is a severe impairment, an ALJ must 'do an individualized assessment of the impact of obesity on an individual's function.'" *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (*quoting SSR* 02-1p). In addition, the current prefaces to the musculoskeletal, respiratory and cardiovascular body system Listings provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. *See, e.g.,* 20 C.F.R. Part 404, Subpt. P, App. 1, Section 1.00Q. According to the Commissioner, "obesity may cause or contribute to mental impairments such as depression." *SSR* 02-1p. It also is known to contribute to the severity of sleep apnea. *Id*. The ALJ

---

*Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 11

erred in failing to assess the impact of Plaintiff's obesity on her mental and physical functioning.  *See Burch*, 400 F.3d at 682 (ALJ properly discussed claimant's obesity in RFC determination and vocational ability findings).  The ALJ did not identify obesity as a medically determinable impairment or consider the effects of obesity, alone or in combination with other impairments, at any step of the sequential process.  His failure to consider obesity in assessing Plaintiff's ability to perform work is reversible error. *Celaya v. Halter,* 332 F.3d 1177, 1183-84 (9th Cir. 2003).

**B.  Harmless Error**

Defendant argues the ALJ's multiple step two errors should not be cause for reversal because a severe impairment was found and the sequential evaluation continued. ECF No. 24 at 8-9.  This argument is not persuasive and misstates the harmless error standard recognized by this court.

An error may be considered harmless where the error "occurred during an unnecessary exercise or procedure"; is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded testimony was credited. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). In this case, the exclusion of obesity and depression from step two findings resulted in prejudice to Plaintiff because symptoms and non-exertional limitations caused by these impairments were not considered throughout the sequential evaluation process. Specifically, medical evidence regarding Plaintiff's mental state

was not adequate to evaluate thoroughly mental limitations caused by depression; and obesity (an impairment fully supported by the record) was neither discussed nor considered in combination with Plaintiff's other impairments (including diabetes). These omissions necessarily prejudiced Plaintiff at step four and step five because neither the RFC assessment nor the vocational expert testimony contemplated non-exertional limitations caused by these two medically established impairments. *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988); *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1990) (failure to include all limitations in hypothetical renders VE testimony unsupported by substantial evidence).

This court cannot categorically conclude that an ALJ, once these errors are corrected, will find Plaintiff not disabled. Therefore, the errors are not harmless and remand is required. *Stout*, 454 F.3d at 1056.

**C.  Evaluation of Medical Opinions**

Plaintiff also claims the ALJ erred by improperly rejecting opinions of treating physician, Dr. Tarique, and sleep specialist, Dr. Deshpande, that her sleep disorder would interfere significantly with her ability to work. Citing *Lester v. Astrue,* 81 F.3d 821, 830 (9th Cir. 1995), she argues these opinions support her claim of disability and should be credited as a matter of law. ECF No. 22 at 13-14. Plaintiff also claims the ALJ erroneously rejected her subjective complaints. *Id.* at 14-16.

Even assuming the identified medical opinions are credited, the physicians' opinions regarding her ability to work may not lead to a finding of disability. The final RFC determination is the

responsibility solely of the ALJ and is based on medical and vocational factors in the entire record, as well as the ALJ's credibility determination. Because further proceedings will require the evaluation of new medical evidence and a re-evaluation the entire record, including Plaintiff's credibility, these assertions need not be addressed at this time.

**D.   Remedy**

Where an ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand a case for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004). Here, enhancement of the record is necessary to resolve outstanding issues (at steps 2, 4, and 5) that must be resolved before a determination of disability can be made. The court cannot make findings regarding Plaintiff's mental impairments or limitations caused by obesity and depression in combination with her hypersomnia. Further, additional vocational expert testimony will be required at step four and possibly step five to determine if there is work Plaintiff can perform with limitations supported by the record. Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment, **ECF No. 21,** is **GRANTED**. The matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g), including but not limited to further development of the record and re-evaluation of

the evidence as directed above.

2. Defendant's Motion for Summary Judgment, **ECF No. 23,** is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff**, and the file shall be **CLOSED**.

DATED January 17, 2013.

S/ CYNTHIA IMBROGNO
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING THE MATTER TO THE COMMISSIONER FOR ADDITIONAL PROCEEDINGS - 15